IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FEDERICO CANSINO, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 15 C 5793 |
| v. | ) ) | Judge Marvin E. Aspen |
| MILIEU DESIGN, LLC and MILIEU GROUP, INC., and PETER WODARZ and BRIAN FRANK, individually, | ) ) ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) | |

**DEFENDANTS' MOTION
FOR APPROVAL OF SETTLEMENT AGREEMENT**

Defendants, Milieu Design, LLC, Milieu Group, Inc., Peter Wodarz and Brian Frank (together referred to as "Defendants"), through their attorneys, seek approval of their settlement in this lawsuit with Plaintiff, Federico Cansino ("Plaintiff") (Plaintiff and Defendants will be referred to as the "Parties"). This lawsuit was brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq.* ("IMWL"). The Parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between them. In support of their Motion, Defendants state as follows:

1. On June 30, 2015, Plaintiff filed this lawsuit against Defendants alleging that they violated the FLSA and IMWL. (Dkt. No. 1). Specifically, Plaintiff alleged that he and other similarly situated individuals were not paid overtime wages and were not compensated for all hours worked. Defendants deny that they violated the FLSA and IMWL.

2. Since the filing of the lawsuit, Defendants have produced to Plaintiff his pay

1

records, time records and other documents relating to his claims. Additionally, the Parties have propounded and responded to written discovery.

3. During discovery, Plaintiff and Defendants have engaged in extensive arm's-length settlement negotiations privately through counsel. The settlement negotiations have resulted in a settlement between Plaintiff and all Defendants. The terms of settlement are contained in the Settlement Agreement and Release, which Defendants have served upon the Court contemporaneously with this Motion for an *in camera* review.

4. Court approval of wage settlements under the FLSA is necessary to effectuate a valid and enforceable release of FLSA claims asserted. *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299-cv, 2015 WL 4664283, *6 (2d Cir. Aug. 7, 2015)[1]; *Walton v. United Consumers Club, Inc*., 786 F.2d 303, 306 (7th Cir. 1986). Under the FLSA, employees may settle their claims if the parties agree on the terms, and the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1355 (11th Cir. 1982). Based upon the foregoing, Defendants request that this Court review the Settlement Agreement and Release and approve the same.

5. The settlement provides relief to Plaintiff, and eliminates the inherent risks the Parties would bear if this litigation were to continue. Given these circumstances, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely on the adversary nature of a litigated FLSA case resulting in settlement as an indication of fairness).

6. Should Plaintiff's claims have proceeded, regardless of whether the case would have proceeded as a collective action under Section 216(b) of the FLSA and/or Federal Rule of Civil Procedure 23, Plaintiff and Defendants would have completed discovery, briefed their

---

[1] A copy of this decision as Exhibit A.

motions for class certification and/or to approve notice, potentially briefed dispositive motions and set the matter for trial. Alternatively, due to a previous agreement between the Parties, the Parties may have proceeded to arbitration, engaged in further discovery and proceed to an arbitration hearing. If Plaintiff prevailed on his claims, Defendants would be faced with the prospect of a verdict or arbitration decision against them and the obligation to pay Plaintiff's attorneys' fees and costs. If Defendants prevailed, Plaintiff faced dismissal of his claims and no recovery.

7. Lastly, Plaintiff's attorneys' fees and costs are reasonable because of the issues presented in the case, and the amount of resources in discovery dedicated to analysis and prosecution of Plaintiff's claims.

8. For all of these reasons, this Court should conclude that the proposed settlement reflects a fair and reasonable resolution of a *bona fide* dispute and approve the settlement.

9. The Parties have submitted an Agreed Proposed Order for the Court's consideration to Proposed_Order_Aspen@ilnd.uscourt.gov.

WHEREFORE, Defendants respectfully request that this Court approve their negotiated Settlement Agreement and Release with Plaintiff, and dismiss all of Plaintiff's claims in this lawsuit initially without prejudice, said dismissal to automatically convert to with prejudice on February 11, 2016, with each party to bear its own fees and costs in accordance with the Settlement Agreement and Release.

Dated: January 6, 2016                          Respectfully submitted,

                                                                          MILIEU DESIGN, LLC, MILIEU GROUP, INC., PETER WODARZ and BRIAN FRANK

Antonio Caldarone                           By:     /s/Matthew P. Kellam
Matthew P. Kellam                                  One of Their Attorneys
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800 / (312) 467-9479 (fax)

4

**CERTIFICATE OF SERVICE**

Matthew P. Kellam, an attorney, hereby certifies that on January 6, 2016, he caused the foregoing **Defendants' Motion for Approval of Settlement Agreement** to be filed electronically with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, by operation of the Court's CM/ECF system and served on all counsel of record as follows:

John Billhorn
Billhorn Law Firm
53 West Jackson Blvd, Suite 840
Chicago, Illinois, 60604
jbillhorn@billhornlaw.com

Meghan VanLeuwen
Farmworker and Landscaper Advocacy Project
33 North LaSalle Street, Suite 900
Chicago, Illinois, 60602
mvanleuwen@flapillinois.org

*Attorneys for Plaintiff*

/s/Matthew P. Kellam
Matthew P. Kellam