IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERICO CANSINO, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) |
| Plaintiff, | ) Case No. 15 C 5793 ) |
| v. | ) Judge Marvin E. Aspen ) |
| MILIEU DESIGN, LLC and MILIEU GROUP, INC., and PETER WODARZ and BRIAN FRANK, individually, | ) Magistrate Judge Maria Valdez ) ) ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

NOW COMES Plaintiff, Federico Cansino, and for his Response to Defendants' Motion for Approval of Settlement Agreement, states as follows:

1. After extended arm's-length negotiations, the Parties reached a settlement and agreed in all respects upon the terms of the settlement. In that regard, Defendants filed their Motion for Approval of Settlement Agreement on January 6, 2016.

2. In their Motion, Defendants request that this Court approve the settlement by way of an *in camera* review of the negotiated agreement.

3. Plaintiff has no objection to the terms of the settlement, to this Court's approval of the settlement, or to the form of the Motion for Approval itself. Plaintiff jointly submitted the proposed Order of dismissal along with Defendants in this case, and also requests that this Court approve the settlement between the Parties. Plaintiff furthermore does not object to this Court conducting an *in camera* review of the agreement if the Court deems it proper. However, in an abundance of caution with respect to candor with the Court, Plaintiff points the Court's attention

to what he believes to be controlling law in the Seventh Circuit that could fairly be read to require all settlements that bear a Court's approval be made available on the public docket.

4. Specifically, the Seventh Circuit's holding in *Goesel v. Boley* may preclude courts from judicial approval of settlements without the terms of the settlement being part of the public record, absent compelling circumstances. The Court stated: "[i]f though it is part of the judicial record the settlement is made without any court action (approval, disapproval, or approval with modifications) there will rarely be a good reason to require that its terms be made public, because making them public would not reveal anything about judicial activity. One can imagine exceptions … [b]ut for the most part settlement terms are of potential public interest only when judicial approval of the terms is required . . . [i]n all such cases the presumption of a right of public access to court documents should apply." 738 F.3d 831, 834 (7th Cir. 2013). For the Court's convenience, a copy of the *Goesel* decision is attached hereto as Exhibit A.

5. Given the foregoing, if this Court deems it proper, Plaintiff has no objection to the agreement being reviewed *in camera*. If the Court does not deem it proper, the agreement should be submitted as part of the record.

Dated: January 6, 2016

Respectfully submitted,

s/ Meghan A. VanLeuwen
Meghan A. VanLeuwen

Farmworker & Landscaper
Advocacy Project
33 North LaSalle Street Suite 900
Chicago, IL, 60602
(312) 784-3541

John W. Billhorn
Billhorn Law Firm
53 West Jackson Street Suite 840
Chicago, IL, 60604
(312) 853-1450

Attorneys for Plaintiff